**XUE ZHU ZHAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2509–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

Xue Zhu Zhao, pro se, New Sumter, SC,[1] for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; Neil M. Corwin, David S. Jones, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Zhu Zhao, a native and citizen of the People's Republic of China, seeks review of an April 28, 2005 order of the BIA denying her motion to reopen. *In re Xue Zhu Zhao,* No. A 73 541 613 (B.I.A. Apr. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

█ Here, The BIA did not abuse its discretion in denying Zhao's motion. *See Kaur v. Board of Immigration Appeals,* 413 F.3d 232, 233 (2d Cir.2005). It is beyond dispute that Zhao's motion was untimely. *See* 8 C.F.R § 1003.2(c)(2). In addition, although Zhao correctly asserts that the BIA failed to acknowledge that she had submitted an approved Form I–130, remand is not required because "it is

---

1. While Zhao is now pro se, her brief was prepared and filed by counsel.

clear that the agency would adhere to its prior decision in the absence of error." *Alam v. Gonzales,* 438 F.3d 184, 188 (2d Cir.2006). The BIA has held that a motion to reopen for adjustment of status based on a marriage entered into after the commencement of removal proceedings may be granted in the exercise of discretion. *See Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (B.I.A.2002). However, Zhao does not satisfy the standard set forth in *Matter of Velarde–Pacheco* because as noted above, her motion to reopen was indisputably untimely. *See id.*

▉ Further, the BIA determined that Zhao had not demonstrated changed circumstances in China sufficient to except her motion to reopen from the applicable time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii). She has failed to challenge that finding in her brief to this Court, waiving any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

▉ Finally, because the BIA's decision to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary, any challenge to its refusal to do so in this case is beyond our review. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006). Accordingly, the BIA's denial of Zhao's motion was not an abuse of discretion. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).